IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MARGO ANN WILLIAMS,<br><br>    Defendant. | No. 23-CR-64<br><br>**SUPERSEDING INDICTMENT**<br><br>Count 1<br>  18 U.S.C. § 1344(2):<br>  Bank Fraud<br><br>Counts 2-4<br>  18 U.S.C. § 1956(a)(1)(B)(i):<br>  Money Laundering<br><br>Counts 5-7<br>  18 U.S.C. § 1957:<br>  Engaging in Monetary Transactions<br>  in Property Derived from Specified<br>  Unlawful Activity<br><br>Count 8<br>  18 U.S.C. § 1956(h):<br>  Money Laundering Conspiracy<br><br>Forfeiture |

The Grand Jury charges:

## Introduction

*BEC Schemes*

1. A "business email compromise" ("BEC") is a type of computer intrusion, in which fraudsters deceive businesses and individuals into making wire transfer payments to accounts that the fraudsters control. BEC fraudsters will

target employees with access to company finances and trick them, via email, into making wire transfers to bank accounts thought to belong to trusted partners or business associates when, in truth, the money ends up in accounts that the fraudsters control. For example, BEC fraudsters may use sophisticated computer intrusion techniques to obtain company information related to outstanding invoices and vendors, alter legitimate payment requests, and/or change a recipient bank account.

2. One method BEC fraudsters often use involves "spoofed" email accounts. Spoofed email accounts are accounts that imitate legitimate ones. These spoofed e-mail accounts are designed to trick employees of victims into thinking the fake email accounts are authentic. Fraudsters use these imitation accounts to direct employees, customers, or partners of a victim company to transfer money to a bank account controlled by the fraudsters and co-schemers. Using the spoofed email accounts, BEC fraudsters often will direct an unwitting employee, customer, or partner to wire funds under the disguise of legitimate business transactions, as in a payment to a vendor, to the fraudsters.

3. In order to collect the fraudulent proceeds, BEC fraudsters need bank accounts controlled by other participants in the BEC scheme, known as "money mules," to provide bank accounts to collect the stolen money. Once the money is deposited, the money mules will transfer the funds to other accounts or withdraw funds or both. Money mules will also make withdrawals and transfers of funds in

order to conceal and disguise the nature, location, sources, ownership, and control of the proceeds of the fraud.

*Church-1, the Cedar Rapids BEC, and Defendant*

4. Church-1 is a religious institution located in Cedar Rapids, Linn County, Iowa, within the Northern District of Iowa. In 2023, Church-1 was engaged in a construction project ("the Project").

5. Church-1 engaged Architect-1 with respect to the Project. Vendor-1 was a construction company and one of Church-1's vendors on the project.

6. Church-1 maintained an account ending in 0113 at Bank-1, a financial institution in Cedar Rapids, Linn County, Iowa. At all relevant times, the Federal Deposit Insurance Corporation insured Bank-1's deposits.

7. In 2023, BEC fraudsters obtained access to one of Architect-1's email accounts. With that access, BEC fraudsters intercepted and monitored sensitive communications about the Project without the knowledge of the participants. The BEC fraudsters also created spoofed email accounts, which were designed to be similar in appearance to Vendor-1's email accounts.

8. BEC fraudsters used spoofed email accounts to cause Church-1 to receive wiring instructions such that, instead of paying Vendor-1 for construction services as Church-1 thought it was doing, in fact Church-1's funds would be sent to an account that defendant MARGO ANN WILLIAMS controlled in Pennsylvania.

## Count 1
## Bank Fraud

9. Paragraphs 1 through 8 above are incorporated by this reference.

## The Scheme to Defraud

10. Beginning no later than about December 2022, and continuing through at least about July 2023, in the Northern District of Iowa and elsewhere, defendant MARGO ANN WILLIAMS and others known and unknown to the Grand Jury did knowingly execute and attempt to execute a scheme and artifice to obtain the moneys, funds, assets, and other property under the custody or control of financial institutions whose deposits were federally insured, including but not limited to Bank-1, by means of false and fraudulent pretenses, representations, and promises ("the scheme to defraud").

## Manner and Means of the Scheme to Defraud

11. It was part of the scheme to defraud that defendant MARGO ANN WILLIAMS would open and maintain bank accounts that she controlled in Pennsylvania. It was also part of the scheme to defraud that defendant utilized a shell company, "MBCI & Evercorp, LLC," and a corporate bank account in that name. For example, in about January 2023, defendant opened an account ending in 7088 at Bank-2 in the corporate name of "MBCI & Evercorp LLC." Defendant was the sole owner of, and signatory on, the 7088 account, which she used to obtain the moneys, funds, assets, and other property under the custody or control of financial institutions, including but not limited to Bank-1, by means of false and fraudulent pretenses, representations, and promises, including but not limited to false wiring instructions.

Execution of the Scheme to Defraud

12. On or about June 6, 2023, defendant MARGO ANN WILLIAMS knowingly executed and attempted to execute the scheme to defraud by receiving an interstate wire in the amount of $466,066.97 in funds from Church-1 into the 7088 account.

13. This was in violation of Title 18, United States Code, Section 1344(2).

## Counts 2-4
## Money Laundering

14. Paragraphs 1-8 and 10-12 above are incorporated by this reference.

15. On or about the dates set forth below, in the Northern District of Iowa and elsewhere, defendant MARGO ANN WILLIAMS knowingly conducted and attempted to conduct the following financial transactions affecting interstate commerce, knowing that the property involved in the financial transactions ($466,066.97) represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of specified unlawful activity, namely, Bank Fraud in violation 18 U.S.C. § 1344 and Wire Fraud in violation of 18 U.S.C. § 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity:

| Count | Date | Financial Transaction |
|---|---|---|
| 2 | June 16, 2023 | Transfer of $50,000 from an account ending in 3398 at Bank-3 to a national cryptocurrency exchange. |
| 3 | June 21, 2023 | Transfer of $50,000 from an account ending in 3398 at Bank-3 to a national cryptocurrency exchange. |
| 4 | June 22, 2023 | Transfer of $50,000 from an account ending in 3398 at Bank-3 to a national cryptocurrency exchange. |

16. This was in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## Counts 5-7
### Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity

17. Paragraphs 1-8 and 10-12 above are incorporated by this reference.

18. On or about the dates set forth below, in the Northern District of Iowa and elsewhere, defendant MARGO ANN WILLIAMS knowingly engaged and attempted to engage in the following financial transactions affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, namely, Bank Fraud in violation of 18 U.S.C. § 1344 and Wire Fraud in violation of 18 U.S.C. § 1343:

| Count | Date | Financial Transaction |
|---|---|---|
| 5 | June 6, 2023 | Transfer of $263,000 from an account ending in 7088 at Bank-2 to an account ending in 8724 at Bank-2. |
| 6 | June 12, 2023 | Transfer of $100,000 from an account ending in 7088 at Bank-2 to an account ending in 8724 at Bank-2. |
| 7 | June 14, 2023 | Transfer of $50,000 to G.H. |

19. This was in violation of Title 18, United States Code, Section 1957.

## Count 8
**Money Laundering Conspiracy**

20 In about June 2023, in the Northern District of Iowa and elsewhere, defendant MARGO ANN WILLIAMS did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957(a), specifically,

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, Bank Fraud in violation of 18 U.S.C. § 1344 and Wire Fraud in violation of 18 U.S.C. § 1343, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting

7

and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity; and

(b) to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is Bank Fraud in violation of 18 U.S.C. § 1344 and Wire Fraud in violation of 18 U.S.C. § 1343, such property having been derived from a specified unlawful activity, that is, Bank Fraud in violation of 18 U.S.C. § 1344 and Wire Fraud in violation of 18 U.S.C. § 1343.

## Manner and Means

21. The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

(a)  on or about June 6, 2023, and June 12, 2023, transferring $263,000.00 and $100,000.00, respectively, from the 7088 account to a personal checking account ending in 8724 that defendant controlled in her own name at Bank-2;

(b)  on or about June 6, 2023, wiring $211,000 from the 8724 account to a personal checking account ending in 3398 that defendant controlled in her own name at Bank-3; and

(c)  between on or about June 14, 2023, and June 22, 2023, executing four outgoing wires, each in the amount of $50,000, from the 3398 account to a bank account associated with a national cryptocurrency exchange and G.H.

22. This was in violation of Title 18, United States Code, Section 1956(h).

## Bank Fraud Forfeiture

23. The allegations contained in Count 1 of this Superseding Indictment above are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

24. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1344 as set forth in Count 1 of this Superseding Indictment, defendant MARGO ANN WILLIAMS shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including but not limited to a money judgement in the amount of $466,066.97.

25. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

26. All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

## Money Laundering Forfeiture

27. The allegations contained in Counts 2-8 of this Superseding Indictment above are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 1594.

28. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1956 and 1957 set forth in Counts 2-8 of this Superseding Indictment, defendant MARGO ANN WILLIAMS shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(A), and Title 28, United States Code, Section 2461(c), any property, real or personal, involved in the transaction or attempted transaction as alleged in Counts 2-8, as stated herein, or any property traceable to such property. This includes but is not limited to defendant's iPad and also defendant's residence, the real property located at XXXX Birney Avenue in Scranton, Pennsylvania, including but not limited to a money judgment in the amount of $466,066.97.

29. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

30. All pursuant to 18 U.S.C. § 981(a)(1)(A) and 28 U.S.C. § 2461(c).

A TRUE BILL

_____  1/10/2024
Foreperson                Date

TIMOTHY T. DUAX
United States Attorney

By: _____

TIMOTHY L. VAVRICEK
Assistant United States Attorney

PRESENTED IN OPEN COURT
BY THE
FOREMAN OF THE GRAND JURY

And filed 1/10/2024
PAUL DE YOUNG, CLERK